**ENGELHARD INDUSTRIES, INC.,**
Plaintiff,

v.

**SEL-REX CORPORATION, Defendant.**
**Civ. A. No. 1002-63.**

United States District Court
D. New Jersey.
June 27, 1966.

Meyner & Wiley, by G. Douglas Hofe, Jr., Newark, N. J., for plaintiff; Roger T. McLean, John Boustead, New York City, of counsel.

Pindar, McElroy, Connell & Foley, Newark, N. J., for defendant: Richard Whiting, Stanley L. Amberg, Herbert Burstein, New York City, of counsel.

## SUPPLEMENTAL OPINION

MEANEY, District Judge.

After a trial without a jury in this patent action the court filed an opinion on May 10, 1966, 253 F.Supp. 832 which embodied its findings of fact and conclusions of law. An issue has now been raised as to the scope of that opinion, plaintiff contending that the court found defendant's United States Patent No. 3,-104,212 invalid in its entirety, and defendant arguing that the court's findings extended only to claims 1, 2, 5, 6, 12 and 14 of the patent and did not affect the balance of the claims. There is also a dispute as to the assessment of costs.

■■ There is language in the opinion which would seem to suggest that only the six claims above mentioned were involved in the litigation, to the exclusion of the rest of the claims of the patent. Indeed, the trial memoranda of both parties, submitted to the court prior to the trial, are framed solely in terms of those six claims. The source of the difficulty

appears to be paragraph 7 of the Stipulation in Lieu of Pretrial Order, which provides: "At trial *defendant* will rely on claim (sic) 1, 2, 5, 6, 12 and 14 of United States Patent No. 3,104,212." (Emphasis supplied.) Of course this does not amount to a stipulation between the parties that only those six claims are involved. Rather, it would seem that defendant placed reliance on those six claims for illustrative purposes only, intending the balance of the claims to be included therein. The essence of defendant's claimed invention is described in claims 1 and 5, the balance of the claims being mere refinements or more specific examples of those claims, adding nothing of substance to the alleged invention. It would therefore appear that the whole patent must fall with claims 1 and 5.

■■ Moreover, paragraph 7 of the complaint, and defendant's answer thereto, squarely bring into question the validity of the entire patent. Likewise, paragraph 5 of defendant's counterclaim, denied in plaintiff's reply, alleges infringement of the whole patent. It is thus clear that under these circumstances the validity of the entire patent was put in issue. Nelmor Corp. v. Jervis Corp., 229 F.Supp. 864 (E.D.Mich., S.D. 1964), affirmed 354 F.2d 923 (6th Cir. 1966), cert. denied 383 U.S. 970, 86 S.Ct. 1277, 16 L.Ed.2d 310 (1966); Kalo Inoculant Co. v. Funk Bros. Seed Co., 161 F.2d 981 (7th Cir. 1947), reversed on other grounds, 333 U.S. 127, 68 S.Ct. 440, 92 L.Ed. 588 (1948); Kemart Corp. v. Printing Arts Research Laboratories, 201 F.2d 624 (9th Cir. 1953). Evidence adduced at the trial by both parties went beyond the six claims now suggested by defendant to fix the limits of the dispute; and the court's finding of invalidity of the whole patent, based upon prior art and upon defendant's failure to set forth the best method of practicing the alleged invention, was founded upon such evidence.

■ Defendant proposes that each party should bear its own costs on the ground that the court sustained defendant's position with respect to certain of the issues. Fed.R.Civ.Proc. 54(d) provides in part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; * * *." Here plaintiff is the prevailing party and the court sees no persuasive reason for taxing costs other than in its favor.